AUDREY STRAUSS
United States Attorney for the
Southern District of New York
By:      SHEB SWETT
         EMILY S. DEININGER
         Assistant United States Attorneys
         One St. Andrew's Plaza
         New York, New York 10007
         (212) 637-6522/2472

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                          :
UNITED STATES OF AMERICA,                                 :
                                                          :
                        Plaintiff,                        :
                                                          :
            -v.-                                          :
                                                          :
ALL MONIES, FUNDS AND ASSETS                              :      VERIFIED CIVIL COMPLAINT
CONTAINED IN MERRILL LYNCH                                :       FOR FORFEITURE
ACCOUNT XXXX7N02, HELD IN THE NAME                        :
OF "AURELIA INFRASTRUCTURE, INC.,"                        :      21 Civ. _____
AND ALL FUNDS TRACEABLE THERETO,                          :
INCLUDING ACCRUED INTEREST,                               :
                                                          :
                        Defendant-*in-rem*.               :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff United States of America, by its attorney, Audrey Strauss, United States

Attorney for the Southern District of New York, for its verified civil complaint, alleges, upon

information and belief, as follows:

        1.      This action is brought pursuant to Title 18, United States Code, Section

981(a)(1)(A), by the United States of America seeking the forfeiture of all monies, funds and

1

assets contained in Merrill Lynch brokerage account XXXX7N02, held in the name of Aurelia Infrastructure, Inc., and all funds traceable thereto, including accrued interest (the "Defendant-*in-rem*").

2.     This Court has original jurisdiction over this forfeiture action pursuant to Title 28, United States Code, Sections 1345 and 1355.

3.     Venue is proper pursuant to Title 28, United States Code, Section 1355.

4.     On or around January 16, 2020, agents of the United States Drug Enforcement Administration ("DEA") seized all assets held in Merrill Lynch brokerage account XXX7N02 (the "Target Account") pursuant to a seizure warrant issued by the United States District Court for the Southern District of New York in the course of the DEA's investigation of a money laundering operation organized to launder proceeds from the sale of narcotics.

5.     As set forth below, there is probable cause to believe that the Defendant-*in-rem* is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in violations of Title 18, United States Code, Sections 1956 (money laundering) and 1957 (monetary transactions involving property of a specified unlawful activity), or property traceable thereto, and pursuant to Title 28, United States Code, Section 881 as moneys furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate a violation of Subchapter 1 of Title 21, United States Code, Chapter 13 on Drug Abuse Prevention and Control.

6.     Drug trafficking organizations ("DTOs") based in Mexico and elsewhere often transfer their narcotics proceeds from the United States to the country in which the DTO operates through a shadow financial system commonly known as the Black Market Peso

2

Exchange ("BMPE").   DTOs, after having amassed bulk United States currency, will sell that currency to money-laundering brokers at a discount, who retrieve the bulk cash in the United States and deposit it into shell accounts in the United States while paying the DTOs for the bulk cash in pesos (or the equivalent currency in the DTOs' home countries).   At the same time, the money-laundering brokers will purchase bulk currency from individuals in the DTOs' home countries who wish to transfer money to the United States while circumventing the banking system.   The money-laundering brokers will pay for this currency by transferring narcotics proceeds from the U.S.-based shell accounts to accounts controlled by the individuals.

7.      As part of an investigation of international money laundering, the DEA used confidential sources to facilitate certain transactions on the BMPE in order to develop evidence for criminal prosecutions (the "DEA Undercover Operation"). When the confidential sources bought narcotics proceeds on the BMPE, those funds were retrieved by either an undercover law enforcement officer or a cooperating source, and then deposited into a DEA undercover account until the confidential sources received instructions about where to send the proceeds.

8.      Aurelia Infrastructure, Inc. ("Aurelia") is incorporated in the British Virgin Islands.

9.      The Target Account was opened in or around September 2018 by the two founders of Aurelia.

10.     The Target Account is a brokerage account that was set up to, among other things, automatically receive wire transfers that were sent to Bank Account-1 with forwarding instructions for the Target Account.

11.     The Target Account was used to launder narcotics proceeds as part of the BMPE by receiving wire transfers from the DEA Undercover Operation, among other unlawful sources.   From its opening in or around September 2018 through in or around November 2, 2020, millions of dollars of criminal proceeds were sent to the Target Account through the BMPE. For example:

12.     In or about October 2019, a DEA confidential source, as part of the DEA Undercover Operation, accepted an offer from a money-laundering broker (the "Broker") to retrieve approximately $66,000 in narcotics proceeds from a location in the area of Boston, Massachusetts and to transfer the proceeds to a bank account provided by the Broker.

13.     The Broker instructed the confidential source to send the money to a bank account at Bank of America, with the following message: "For further credit to Aurelia Infrastructure Inc." and to provide the information for the Target Account.

14.     Similarly, on or about October 24, 2019, an undercover law enforcement officer retrieved a bag of cash containing approximately $64,000 from an unidentified individual in the area of Boston, Massachusetts. That same day, law enforcement agents involved in the DEA Undercover Operation wired the proceeds to the Bank of America account, with instructions that the proceeds should be further credited to the Target Account. The proceeds were ultimately credited to the Target Account.

## CLAIMS FOR FORFEITURE

**Forfeiture Under 18 U.S.C. § 981**
**(Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1956 or Property Traceable to Such Property)**

15.     Paragraphs 1 through 14 of this Complaint are repeated and re-alleged as

4

if fully set forth herein.

16.    Title 18, United States Code, Section 981(a)(1)(A) subjects to civil

forfeiture:

> Any property, real or personal, involved in a transaction or attempted
> transaction in violation of section 1956, 1957 or 1960 of this title, or any
> property traceable to such property.

17.    Title 18, United States Code, Section 1956(a)(1)(A)(i) and

1956(a)(1)(B)(i) impose a criminal penalty on any person who:

> knowing that the property involved in a financial
> transaction represents the proceeds of some form of
> unlawful activity, conducts or attempts to conduct such a
> financial transaction which in fact involves the proceeds of
> specified unlawful activity –
>
> . . .
>
> (A)(i)   with the intent to promote the carrying on of
>              specified unlawful activity;
>
> . . .
>
> (B)      knowing that the transaction is designed in whole or
>              in part –
>
>              (i)   to conceal or disguise the nature, the
>              location, the source, the ownership, or the
>              control of the proceeds of specified unlawful
>              activity[.]

18.    For purposes of Section 1956, "specified unlawful activity," defined in

Title 18, United States Code, Section 1956(c)(7), includes, among other things, racketeering

activity as defined in Title 18, United States Code, Section 1961(1). Section 1961(1), in turn,

defines racketeering activity to include "felonious manufacture, importation, receiving,

concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical

(as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States."

**Forfeiture Under 18 U.S.C. § 981**
**(Property Involved in a Transaction or Attempted Transaction in**
**Violation of 18 U.S.C. § 1957 or Property Traceable to Such Property)**

19.     Paragraphs 1 through 14 of this Complaint are repeated and re-alleged as if fully set forth herein.

20.     Pursuant to Title 18, United States Code, Section 981(a)(1)(A) any property, real or personal, involved in a transaction or attempted transaction in violation Title 18, United States Code, Section 1957, or any property traceable to such property, is subject to forfeiture to the United States.

21.     Title 18, United States Code, Section 1957 imposes a criminal penalty on any person who "knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity." Section 1957(f)(1) defines monetary transaction to include the "deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds . . . ."

22.     As set forth above, pursuant to Title 18, United States Code, Sections 1956(c)(7), 1957(f)(3), and 1961(1), felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance is a specified unlawful activity for the purposes of Section 1957. See ¶¶ 16-18, supra.

**Forfeiture Under 21 U.S.C. § 881**
**(Moneys Furnished in Exchange for a Controlled Substance or Proceeds Traceable to**
**Such an Exchange or Moneys Used to Facilitate Violation of Subchapter 1 of 21 U.S.C.**
**Chapter 13)**

6

23.     Paragraphs 1 through 14 of this Complaint are repeated and re-alleged as if fully set forth herein.

24.     Title 21, United States Code, Section 881(a)(6) subjects to forfeiture:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.
> .

25.     By reason of the foregoing the Defendant *in-rem* is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(A) as (i) property involved in a money laundering transaction or an attempted money laundering transaction, in violation of Title 18, United States Code, Section 1956, or property traceable to such property, or (ii) property involved in a monetary transaction in criminally derived property, in violation of Title 18, United States Code, Section 1957, or property traceable to such property, or (iii) moneys furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate a violation of Subchapter 1 of Title 21, United States Code, Chapter 13 on Drug Abuse Prevention and Control.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant-*in-rem* and that all persons having an interest in the Defendant-*in-rem* be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant-*in-rem* to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
        May 3, 2021

> AUDREY STRAUSS
> United States Attorney for the
> Southern District of New York
> Attorney for the Plaintiff
> United States of America

By: _____
    SHEB SWETT
    EMILY DEININGER
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Telephone: (212) 637-6522/2472

## **VERIFICATION**

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK   )

      EDWARD MATEO, pursuant to Title 28, United States Code, Section 1746,

hereby declares under penalty of perjury that he is a Special Agent with the Drug Enforcement

Administration; that he has read the foregoing Verified Complaint and knows the contents

thereof; that the same is true to the best of his knowledge, information and belief; and that the

sources of his information and the grounds of his belief are his personal involvement in the

investigation, and conversations with and documents prepared by law enforcement officers and

others.

                        EDWARD MATEO
                        Special Agent
                        Drug Enforcement Administration

Executed on this
3 day of May, 2021